MONTGOMERY, District Judge, dissenting: I respectfully dissent from the majority’s conclusion that the first element of Younger abstention—ongoing state proceedings—is not satisfied in the two cases before us. At the time the state case was filed, no proceedings of substance on the merits had taken place in either of the federal lawsuits, and those cases remained in an embryonic stage. In this factual context, “the principles of Younger v. Harris should apply in full force.” Hicks v. Miranda, 422 U.S. 332, 349, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975); see also Younger v. Harris, 401 U.S. 37, 39, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (reaffirming the “national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances”). A case has proceeded beyond the embryonic stage when “proceedings of substance on the merits have taken place in the federal court.” Hicks, 422 U.S. at 349, 95 S.Ct. 2281. The Ninth Circuit has identified factors to consider when determining if a case remains embryonic. Factors include when multiple hearings have occurred or when “the District Court’s intervention in the case had resulted in a significant change in the relative position of the parties” Hoye v. City of Oakland, 653 F.3d 835, 844 (9th Cir. 2011). None of these factors are present here. Both of these cases arrived .in federal court as a preemptive strike by Nationwide to enjoin state district attorneys from enforcing state statutes in state court. No substantial court action occurred in federal court in either case. The district court did not hold any hearings, conduct any case management conferences, or set any discovery schedule in either case. In both cases, the only federal court action had been the denial of injunctive relief. The denials of the preliminary injunction motions were not proceedings of substance on the merits. The district judge considered the likelihood of success on the merits as required by Winter v. Natural Resources Defense Council, Inc. 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). Based on the' preliminary nature of the rulings and the denials of injunctive relief, no party’s position was significantly changed by the rulings. The cases are functionally indistinguishable from Hicks. There, the district judge denied injunctive relief after “finding the proof of irreparable injury to be lacking and an insufficient likelihood of prevailing on the merits to warrant an injunction.” 422 U.S. at 338, 95 S.Ct. 2281. The majority applies a quantitative analysis to the number of pages written and the number of cases cited in the district judge’s orders denying the motions for preliminary injunctions. The majority views this evidence as the “most important” in concluding the cases were no longer embryonic. Ante, at 728-29. However, the length and thoroughness of a judge’s order should not be determinative of whether the proceeding is one of substance on the merits. The rulings here were not “substantial federal court action” that moved,.the case beyond Youngers reach. Haw. Hous. Auth. v. Midkiff, 467 U.S. 229, 238, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984). After the denials of the preliminary injunctions, the cases were no further advanced in federal court than they had been before the rulings. In addition to ignoring the .absence of court proceedings or lack of substantial court action that advanced the stage of these cases, the majority fails to credit that the district judge, who was in the best position to determine the status of each case, concluded that both cases remained in the embryonic stage. Although abstention is not discretionary, the district court judge’s view of the development of the case should be considered in determining whether a case is embryonic. . The cases relied on by the majority to conclude that the cases were no longer embryonic are materially distinguishable. In Adultworld Bookstores v. City of Fresno, no state court action had been commenced and thus abstention did not turn on the proceedings in federal court. 768 F.2d 1348, 1350-51 (9th Cir. 1985). Additionally, Circuit precedent holds that the time between when the federal and state cases were filed is of no consequence. See Polykoff v. Collins, 816 F.2d 1326, 1332 (9th Cir. 1987) (“Whether the state proceedings are ‘pending1 is not determined by comparing the commencement dates of the . federal and state proceedings.”); M&A Gabaee v. Cmty. Redevelopment Agency of City of L.A., 419 F.3d 1036, 1041-42 (9th Cir. 2005) (citing Polykoff and rejecting argument that the commencement dates of the state and federal case are to be considered when deciding if federal case is still embryonic). I would affirm the'judgment of the District Court.